KELLER et al. v. WOLKARTE.

(Court of Civil Appeals of Texas. Nov. 23, 1910. Rehearing Denied Dec. 21, 1910.)

1. MASTER AND SERVANT (§ 8*) — CONTRACTS OF EMPLOYMENT—CONSTRUCTION.

Defendant's agent testified that, when he employed plaintiff, he told him he should be paid $95 a month, and, if he gave satisfaction, the agent would keep him for a year, and that witness would be the judge of that. *Held,* that the evidence supported the conclusion that the employment was to be for a year, and that the employer did not reserve the right to terminate the same, regardless of substantial cause.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 8–10, 17; Dec. Dig. § 8.*]

**2. TRIAL (§ 260*)—REQUEST TO CHARGE—INSTRUCTIONS GIVEN.**

It is not error to refuse an instruction where the material portion thereof has been given in the court's charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Error from District Court, Harris County; Norman G. Kittrell, Judge.

Action by Charles J. Wolkarte against Theodore Keller and others. Judgment for plaintiff, and defendants bring error. Affirmed.

A. R. & W. P. Hamblen and Baker, Botts, Parker & Garwood, for plaintiffs in error. Hogg, Gill & Jones, for defendant in error.

JAMES, C. J. The amended petition of Wolkarte alleged, in substance: That he had been employed by Theo Keller for a year as a cotton classer and otherwise in connection with Keller's business as a factor commission merchant and general dealer in cotton at $95 per month for the term of one year. That plaintiff worked in said capacity from July 25, to November 16, 1907, discharging his duties under the employment, on which latter date Keller discharged him without cause, and refused to pay him his salary beyond such date. That plaintiff has ever since been willing and ready to serve as such employé, and has frequently tendered his services, but Keller persistently refused to accept same. That plaintiff has been unable to procure re-employment with the city, where he was serving when induced by Keller to make said contract, or other work, so that he has been wholly out of employment since said discharge. That plaintiff will not be able to procure employment or earn anything from any other source for the remainder of said term. That Theo. Keller, the original defendant herein, has died, leaving a large estate descending to his heirs (naming them), residents of Harris county, who have received property far in excess of plaintiff's demand, and that no administration is necessary, no other claim than plaintiff's being outstanding. The answer was the general issue, incompetency of plaintiff, and adequate cause for discharge. The verdict was for plaintiff for $760.

There was ample evidence showing that the contract of employment was for the term of one year, and not one by the month. Furthermore, the evidence was not undisputed to the effect that plaintiff was to continue in Keller's service only so long as his services were satisfactory. For these reasons the first assignment of error is overruled.

The second assignment of error is that the following paragraph of the charge was error: "As to the defendant, the legal effect and purport of the contract was that he would pay plaintiff $95 a month from the 25th day of July, 1907, to the 25th day of July, 1908, and that if he discharged plaintiff in that time that it would be because he had good grounds for so doing; that is, that he would not discharge him so long as he performed the duties he had undertaken with that measure of skill and care which you are instructed in the preceding paragraph was obligatory upon the plaintiff." Plaintiffs in error cite the following testimony as showing that the charge was wrong: Wolkarte testified: "I had a conversation with Mr. Huey in which I was employed by Mr. Huey for Mr. Keller. I put in my resignation to the city, and went then and took the employment under Mr. Huey, and under the condition that I was to be there a year." B. S. Huey testified: "After telling him what his duties would be, I went to Mr. Keller, and he said he would leave it to me, so that, when I saw Mr. Wolkarte again, I told him I would pay him $95 a month, and, if he gave satisfaction, I would keep him for a year. I was to be the judge of it." The above testimony of Huey would not admit of a finding that a contract had been made terminable at the will of the employer. Said testimony that he was to "to be judge of it" had reference to and was in connection with the manner of plaintiff's performance of his duties, and the employer did not reserve the right, by simply declaring himself dissatisfied, to terminate the contract, regardless of substantial cause. This was the view correctly taken by the court in the portion of the charge which afterwards submitted the issue to the jury. There was no error in the portion of the charge complained of by the second assignment. The contract, according to said testimony, was in effect an engagement for a year.

The third assignment complains of the refusal of the following charge: After the court's general charge was read to the jury, the defendants requested the following special charge: "If you believe from the preponderance of the evidence that the plaintiff had a contract for employment for a period of one year, and if you further believe that the plaintiff was discharged without sufficient cause, then, after his discharge, it was the plaintiff's duty to exercise reasonable diligence and effort to obtain other employment he had the right for a reasonable time to seek employment in the same line of work in which he had been employed by the defendant, and after that, if he was unable to obtain such employment after reasonable diligence on his part, then it was his duty to seek any kind of employment that he was fitted to perform. You are, therefore, charged that if the plaintiff could, by the exercise of reasonable diligence, have obtained similar employment to that in which he was engaged by the defendants, which would have paid him as much as he would have received under the contract of employment with the defendants, then he is not entitled to re-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

cover anything in this suit." The first portion of the above instruction was in accord with the rule announced in Kramer v. Wolf, 99 Tex. 600, 91 S. W. 775. But the material part of the request and the instruction which appellants really sought was the latter part beginning with the: "You are therefore charged." This we find was substantially contained in paragraph sixth of the court's charge. The first portion was merely a preliminary statement of a rule of law, as an introductory basis for the latter portion. The assignment is therefore overruled.

The paragraph sixth of the charge of the court complained of by the fourth assignment was not erroneous. Nor was paragraph third complained of by the fifth assignment.

Affirmed.